Nicholson, C. J.,
delivered the opinion of the Court..
*188 L. Rocco & Co. recovered a judgment in the Circuit Court of Shelby county against J. Brown & B. B. Waddell for $128.05. Brown & Waddell appealed to this Court. During the pendency of the cause in this court Brown died, and no one administered on his estate. Upon application for that purpose this court ordered sci. fa. to issue against the heirs of Brown for the purpose of a revivor. The sci. fa. has been returned, properly served, and no reason has been alleged against the revivor, and the judgment has been revived in the name of the heirs. There being no error in the judgment below, the question is, upon its affirmance, What judgment shall be entered in this court?
The sole object of Sec. 2849 of the Code is to prevent an abatement or discontinuance of a suit on ^account of the death of either party, where no person will administer on the estate of a deceased plaintiff or defendant. To prevent such abatement or discontinuance, it is provided that the suit may be re.vived by or against the heirs of the decedent. The object is to have a party representing the decedent, in whose favor or against whom a judgment may be rendered. But such judgment cannot be rendered against the heirs or in their favor, except in their representative character. It follows that the judgment in the present case must be rendered against the heirs, not personally, but as representatives of the deceased, and the execution on the judgment will issue against them, to be levied of the goods and chattels of the deceased in their possession subject to execu *189 tion; if there are no such goods and chattels, then to be levied on the lands and tenements of the deceased which may have descended to the heirs. The-judgment will be entered accordingly.